In the Matter of the Claim of CECELIA O'BRIEN, Respondent, v. ALEXANDER DEPARTMENT STORES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—*Per Curiam.* Appeal from a decision awarding death benefits, appellants contesting the finding of dependency. Claimant testified that decedent had been in school until, at age 17, he entered the employment in which his death occurred some four months later; that he contributed to the maintenance of the household from the time this employment commenced; that he lived at home and that she paid for his food at a cost of $15 or more per week and for his laundry, cleaning and incidentals at a cost of $7.50 per week, and, although the cost of his lodging was not shown, that he occupied one of the two bedrooms in her home, for which she paid rent of $77.60 per month plus the cost of utilities. As to the amount of decedent's contributions, she testified that from the beginning of the employment he gave her $50 per week when he had overtime, but never less than $45, and that he made overtime from the time he started. The statement of wage earnings in evidence, however, discloses that in the 21 weeks of his employment there were 16 in which he earned less (and in most cases very substatially less) than the supposed $45 to $50 contribution and that there were only 5 weeks (the sixteenth through the twentieth weeks) in which he earned any significant amount in excess of the $45 to $50 contribution to which claimant testified. The board's decision is insufficient to permit proper review as it makes no factual finding with respect to the amount of decedent's contributions, merely quoting claimant's testimony, with no indication as to the extent to which it was accepted; makes no finding with respect to the cost to claimant of decedent's maintenance, necessarily to be deducted (see *Matter of Carey* v. *Town of Conklin,* 14 A D 2d 978); and proceeds to the purely conclusory finding of partial dependency. If there were reasonably clear evidentiary support for the board's conclusion, the deficiencies of the decision might not be fatal; but in this case vital testimony, improbable at the outset, was mathematically proven in large part false or mistaken. (See *Matter of Farmer* v. *Coffee Instants,* 12 A D 2d 840.) Additionally, the decision seems in substantial error in finding that decedent's "earnings averaged $62.65 per week" although the unimpeached wage statement in evidence itemizes 21 weeks' earnings aggregating $948.16 or an average of $45.15 per week. The apparent miscomputation by the board was of moment, of course, if the credibility of the testimony as to weekly contributions of $45 to $50, but "never under $45", during the entire period of the employment was in part predicated upon it. We do not reach appellants' additional contentions. Decision reversed and case remitted, with costs to appellants against the Work-

men's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.